JOHN HART *et al. vs.* JULIUS KESSLER.

Submitted on briefs June 20, 1893. Affirmed June 27, 1893.

**Statute of Frauds.**
    Evidence *held* insufficient to show a sale *in praesenti* of personal property.

Appeal by plaintiffs, John Hart, Dennis A. Murphy and Charles F. Whaley, from an order of the Municipal Court of the City of St. Paul, *H. W. Cory*, J., made January 28, 1893, denying their motion for a new trial.

Michael R. Curry was the keeper of the Richelieu Hotel in West Superior, Wis., and purchased of the plaintiffs, at St. Paul, 5,000 cigars, worth $300, and they were shipped to him, and he received

and stored them in the basement of the hotel. On July 20, 1891, Murphy, one of the plaintiffs, called at the hotel to obtain payment for the cigars. Curry could not pay, but agreed to turn over the cigars in settlement of the claim. He and Murphy went down into the basement, and saw the shipping box unopened. It weighed about 200 pounds. Curry pointed it out to Murphy, and told him the cigars were his; that he could take them in payment of the claim if he would give him a receipt in full. This Murphy told him he would do, and went away. A day or two after this Curry sold all his stores in the basement to the defendant, Julius Kessler, in payment of a debt he owed him. There was some dispute whether this sale to Kessler did, or did not, include these cigars. Kessler sold to Mrs. Hammond, and she soon after removed the cigars. Plaintiffs then demanded the cigars of Kessler, and brought this action to recover of him $300, their value. The issues were tried without a jury. These facts appeared on the trial from the evidence introduced by plaintiffs. When they rested, defendant moved the court to dismiss the action on the ground that plaintiffs had not shown that they had title to the cigars. The defendant offered no evidence, and the court took the case under consideration until the next day, and then announced that the motion to dismiss was granted. The plaintiffs then asked permission to open the case and submit further evidence. The court refused the request, and plaintiffs excepted. They moved for a new trial, and being denied, appeal.

*McLaughlin & Morrison*, for appellants.

The court erred in refusing to open the case and allow plaintiffs to recall the witness and prove that the cigars were inclosed in a box upon which the name of Hart, Murphy & Whaley was marked, and that it weighed about 200 pounds, and prove that Curry said the cigars might remain where they were until Murphy could remove them.

This was an agreement to rescind the sale, and does not come within the statute of frauds. The court below evidently thought the right of the plaintiffs rested upon a simple contract of sale by Curry to them, which came within the statute. It was in fact a rescission of a sale, and not within the statute of frauds. *Shaul* v. *Harrington,*

54 Ark. 305; *Gleason* v. *Drew*, 9 Me. 81; *Folsom* v. *Cornell*, 150 Mass. 115; *Salte* v. *Field*, 5 Durnf. & E. 211.

The goods being in the same condition as when they left the vendors, Curry's pointing them out to plaintiffs, with permission to take them, amounted to a constructive redelivery. *Jewett* v. *Warren*, 12 Mass. 300; *Hayden* v. *Demets*, 53 N. Y. 426; *Parsons* v. *Dickinson*, 11 Pick. 352.

*Williams & Schoonmaker,* for respondent.

This is not a case of rescission of contract, but of conditional sale; the consideration was the cancellation of the debt for the purchase price. The plaintiffs must recover, if at all, on the strength of their own title or right, and not upon the weakness of that of defendant; or in other words, the plaintiffs must make out a case showing title in themselves. There was no delivery, actual or constructive, from Curry to plaintiffs. The property was in possession of Curry when he had this conversation with Murphy, and nothing was done by either to change the possession. *Lathrop* v. *Clayton*, 45 Minn. 124.

In cases of rescission the same formalities must be observed in respect to delivery, in order to revest the title in the original vendor, as are necessary upon an original sale in order to vest the title in the vendee. *Folsom* v. *Cornell*, 150 Mass. 115; *State* v. *Intoxicating Liquors*, 61 Me. 520.

GILFILLAN, C. J. The action being for conversion, the plaintiffs could not recover unless they proved their right of property in the chattels alleged to have been converted. The evidence introduced by them did not tend to prove this. They having sold the chattels (5,000 cigars, worth $300) to Curry, the most that could be claimed for the evidence was that he orally agreed to retransfer them to plaintiffs, and they agreed to take them in payment of their account against him. Nothing was done that could be construed to be a delivery or a payment for them, and nothing said indicating that the parties understood it to be a completed retransfer of the property, or anything but an executory agreement to retransfer.

The fact that Curry excepted the cigars from his bill of sale to defendant had no tendency to prove a sale *in praesenti* to plaintiffs.

It was not abuse of discretion to refuse, the day after the proofs were closed, to reopen the case for plaintiffs to make further proofs.

Order affirmed.

(Opinion published 55 N. W. Rep. 742.)